(83 Misc. Rep. 124.)

### FRANKEL v. DINITZ.

(Supreme Court, Appellate Term, First Department.   December 15, 1913.)

1. FRAUD (§ 41*)—ACTIONS—COMPLAINT.

   A complaint alleging that plaintiff was employed at a salary plus a percentage of the profits, that he deposited money with defendant as security for the performance of his duty, that upon the termination of the contract plaintiff demanded the return of his deposit, with his percentage of the profits, and that defendant exercised duress by refusing to return the deposit, except upon unauthorized conditions, and knowingly misrepresented the amount of profits earned, thus inducing plaintiff to accept a much smaller sum than that to which he was entitled, states a cause of action in tort for fraud and duress.

   [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. § 41.*]

2. COMPROMISE AND SETTLEMENT (§ 19*)—VALIDITY—CANCELLATION.

   Where defendant by reason of duress and fraud induced plaintiff to accept a smaller sum than that to which he was entitled, plaintiff is entitled to have the compromise agreement set aside and to recover the amount due him.

   [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

3. ELECTION OF REMEDIES (§ 2*)—PLEADING (§ 249*)—FINALITY OF ELECTION.

   Where defendant by fraud and duress induced plaintiff to compromise his claim for less than was due him, plaintiff has an election of remedies between tort and contract; and, having made his election, the court cannot change the complaint from tort to contract.

   [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 2; Dec. Dig. § 2;* Pleading, Cent. Dig. §§ 707, 708, 710–729; Dec. Dig. § 249.*]

Appeal from City Court of New York, Special Term.

Action by Abraham Frankel against Morris Dinitz. From an order striking out as irrelevant allegations of the complaint, plaintiff appeals. Order reversed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.
A. A. Kotzen, of New York City, for respondent.

BIJUR, J.   [1, 2] The complaint alleges that plaintiff was employed by defendant at a certain salary plus a proportion of the profits

---

'For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

earned, and that he deposited with defendant $5,000 as security for the faithful performance of his duties; that upon the termination of the contract the plaintiff demanded the return of the $5,000 and his proportion of the profits earned; that defendant exercised duress by refusing to return the $5,000, except upon unauthorized conditions, and knowingly misrepresented the extent of the profits earned, and thus induced plaintiff to accept a compromise whereunder he received $5,000 and $750 in promissory notes, although his share of the true profits would have been very much larger.

Plaintiff alleges that by reason of the foregoing he was damaged at least in the sum of $2,000. His complaint sets out a cause of action in tort, namely, fraud and duress, upon proof of which plaintiff is entitled, as is said by the Court of Appeals in Gould v. Cayuga County Bank, 99 N. Y. 333, 341, 2 N. E. 16, 19, "to have such compromise agreement made as good for him as it reasonably and fairly would have been if only the truth had been told." He may recover "the true value of the disputed claim, and not the false value."

[3] By the act of the court below, the action has, against plaintiff's desire, been converted into one on contract; and it must be said, in passing, that it is very doubtful whether the complaint as so changed states any cause of action. It is, of course, elementary that plaintiff has his own election, in an appropriate case, to sue either in contract or tort. Rich v. N. Y. C. & H. R. R. Co., 87 N. Y. 382.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.